COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-08-223-CV

 

 

ANNA HARRIS                                                                    APPELLANT

 

                                                   V.

 

GRAPEVINE IMPORTS, LTD.
D/B/A                                            APPELLEE

TEXAS TOYOTA
OF GRAPEVINE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Anna Harris
attempts to appeal from the trial court=s interlocutory order staying proceedings and compelling
arbitration.  On May 30, 2008, we sent
Harris a letter stating our concern that we may have no jurisdiction over this
appeal because the order does not appear to be a final appealable order or
judgment, nor does it appear to be an appealable interlocutory order.  See
Tex. Civ. Prac. & Rem.
Code Ann. ' 51.04(a)
(Vernon Supp. 2007) (listing
appealable interlocutory orders), ' 171.098(a)(1) (Vernon 2005) (allowing interlocutory appeals to
be taken from orders denying an application to compel arbitration), ' 171.098(a)(2) (allowing interlocutory appeals to be taken from
orders granting an application to stay arbitration); Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an
appeal may be taken only from a final judgment ).  We indicated that this court would dismiss
this appeal if we did not receive a response showing grounds for continuing the
appeal by June 9, 2008.  Harris filed a
response on June 9, 2008, but it erroneously stated that civil practice and
remedies code section 171.098(a)(1) allows an interlocutory appeal of an order Agranting an application to compel@ arbitration.  [Emphasis
added.]  Harris also seemed to argue that
it was unclear whether the arbitration is governed by Texas law or federal law.  To the extent the arbitration is governed by
federal law, filing a petition for writ of mandamus is the proper procedure to
resolve disputes governed by the federal arbitration act.  Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex.
1992) (orig. proceeding).  Thus, an
interlocutory appeal of the order is not authorized, regardless of whether the
arbitration is governed by state or federal law.








Accordingly, because the
order is neither a final judgment nor an appealable interlocutory order, we
dismiss this appeal for want of jurisdiction. 
See Tex. R. App. P.
42.3(a), 43.2(f).

 

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
June 26, 2008











[1]See Tex. R. App. P. 47.4.